# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT C. LEVIS,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-05-2272 |
| | : |
| v. | : (Judge Caputo) |
| | : |
| **JOSEPH NISH, et al.,** | : |
| | : |
| **Defendants.** | : |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff, Robert C. Levis, an inmate at the State Correctional Institution in Waymart ("SCI-Waymart"), Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff claims that various SCI-Waymart officials subjected him to cruel and unusual punishment.

On December 16, 2005, Defendants filed a motion to dismiss or, in the alternative, for a more specific pleading (Doc. 11).  A brief in support of the motion was filed contemporaneously. Plaintiff filed no response, nor brief in opposition.  By Order dated January 18, 2006 (Doc. 14), this Court directed Plaintiff to file a brief in opposition to Defendant's motion to dismiss within twenty (20) days.  The Order of January 18, 2006 forewarned Plaintiff that if he failed to file a brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis, and the Court forewarned that the case would be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor has he requested an extension of time

in which to do so.  In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed.   However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning.  "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked."  *Id.*  Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing practice order (Doc. 5) issued in this case on November 2, 2005, and the January 18, 2006 Order.  He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in dismissal.  Consequently, the Court will grant the Defendants' unopposed motion to dismiss without a merits analysis.  *See* M.D. Pa. Local Rule 7.6; Fed. R. Civ. P. 41(b); *Stackhouse,* 951 F.2d at 30 (3d Cir. 1991).

**ACCORDINGLY, THIS 14th DAY OF FEBRUARY, 2006, IT IS HEREBY ORDERED THAT:**

1. Defendants' unopposed motion to dismiss (Doc. 11) is **GRANTED**.
2. The Clerk of Court shall close this case.
3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                                /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge